IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD, <br><br> Plaintiff, <br><br> v. <br><br> TROPICAL SMOOTHIE CAFE, LLC; and TSC-GA, LLC, <br><br> Defendants. <br><br> ************************************ <br><br> TROPICAL SMOOTHIE CAFE, LLC; and TSC-GA, LLC, <br><br> Defendants / Third-Party Plaintiffs. <br><br> v. <br><br> MCGRIFF, SEIBELS & WILLIAMS OF GEORGIA, INC., <br><br> Third-Party Defendant. | Civil Action No. 1:16-cv-04162-ODE |

## THIRD PARTY COMPLAINT

Through their undersigned counsel, Defendant Tropical Smoothie Café, LLC ("Tropical Smoothie") and TSC-GA, LLC ("TSC") (collectively, "Third

Party Plaintiffs"), bring this Third-Party Complaint, pursuant to Fed. R. Civ. P. 14(a), against McGriff, Seibels & Williams of Georgia, Inc. ("McGriff").

## NATURE OF THIRD-PARTY ACTION

1. Plaintiff Sentinel Insurance Company, LTD's ("Hartford") Complaint for Rescission and Recoupment ("Complaint") alleges that material misrepresentations were made in connection with Tropical Smoothie's and TSC's application for coverage for the policy that incepted on August 15, 2014 (the "2014 Policy"). In particular, Hartford asserts that in issuing coverage it thought that Tropical Smoothie was a single franchise operation, not a franchisor. *See e.g.,* Complaint, ¶ 16. Hartford seeks (1) rescission of the 2014 Policy and two subsequent policies (collectively the "Policies"), and (2) recoupment of all sums it has and may expend in defense of Tropical Smoothie in certain underlying lawsuits alleging injuries and other damages as a result of exposure to the Hepatitis-A Virus.

2. Third Party Plaintiffs entrusted their insurance broker, McGriff, with sole responsibility for procuring, renewing, and maintaining the Policies, including the procurement of the 2014 Policy.

3. This Third-Party Complaint is brought by Third Party Plaintiffs against McGriff to the extent that, if Hartford is entitled to any rescission and/or

recoupment—which Third Party Plaintiffs expressly deny—then Third Party Plaintiffs are entitled to recover damages from McGriff.

**PARTIES TO THIRD-PARTY ACTION**

4. McGriff is a Georgia corporation with its principal office address located at One Premier Plaza, 5605 Glenridge Drive, Suite 300, Atlanta, GA, 30342. Service may be perfected on McGriff via its Registered Agent, CT Corporation System, located at 1201 Peachtree Street, NE, Fulton County, Atlanta, Georgia 30361.

5. This Court has personal jurisdiction over McGriff.

6. The allegations contained in this Third-Party Complaint directly relate to the subject matter of Hartford's Complaint; namely, McGriff's procurement of insurance covering Third Party Plaintiffs and, in particular, certain alleged representations, statements or omissions by McGriff in connection with procuring the 2014 Policy. If Third Party Plaintiffs are liable to Hartford based on representations and other actions taken by or omissions of McGriff in procuring coverage, McGriff is liable for all of Hartford's claims against Third Party Plaintiffs.

7. This Court has subject-matter jurisdiction over the allegations contained in the Third-Party Complaint pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

8. In its Complaint, Hartford seeks rescission of the Policies it issued to Third Party Plaintiffs on the alleged grounds that there were material misrepresentations in connection with the procurement of the 2014 Policy.

9. McGriff is a duly licensed and authorized insurance agent in the State of Georgia and at all times material to this litigation was acting as an insurance agent.

10. In soliciting Tropical Smoothie's insurance business, McGriff held itself out as a sophisticated insurance broker in multiple lines of coverage who could evaluate the insured's exposures and place appropriate insurance to manage identified risks.

11. At all times material to this litigation, McGriff has held itself out to Third Party Plaintiffs and the general public as an expert in the field of insurance procurement and risk management. Indeed, McGriff represents to the public that it provides quality risk management programs crafted with full consideration of the multitude of factors unique to its clients' business environment and corporate objectives.

12. At all times material to this litigation, Third Party Plaintiffs relied on McGriff to identify their insurance coverage needs, recommend changes when appropriate and properly place coverage with appropriate insurers.

13. Third Party Plaintiffs have also relied on McGriff's expertise to procure, renew, and maintain its insurance coverages to ensure both are adequately covered for their business activities.

14. McGriff was intimately familiar with Tropical Smoothie's franchisor business operations through a number of meetings, including meetings at Tropical Smoothie's corporate headquarters, numerous communications and placement of various types of coverage. In addition to the Policies placed with Hartford, McGriff also acted as broker for other lines of insurance coverage, including Franchisor Errors & Omissions, Directors & Officers and Workers' Compensation–Employer's Liability insurance. Underwriting for these other lines of coverage required extensive and detailed disclosures to McGriff about Tropical Smoothie's operations, revenue, employees and claims history. As a result, McGriff was fully aware of Tropical Smoothie's business operations, including that is was a franchisor for a growing number of franchisee cafes.

15. McGriff acted as the insurance broker interfacing with Hartford relative to the procurement, renewal, and maintenance of the Policies.

16. In connection with Hartford's underwriting of the 2014 Policy, there was no formal "application" for coverage. Rather, Hartford utilized an "electronic submission process" as alleged in Paragraph 11 of the Complaint, which is a secure website that can only be accessed with Hartford's permission and a unique password. Hartford's electronic forms on its website require the broker to fill-in certain information that is apparently used by the Hartford underwriters. The electronic forms posed various questions about the proposed insured and called for categorizing the risk according to Hartford's underwriting manual and class codes.

17. In placing coverage with Hartford, McGriff had exclusive access to Hartford's electronic submission process. McGriff also had exclusive access to Hartford's underwriting manual and code classifications that were used in completing the electronic forms. Neither Tropical Smoothie nor TSC had access to Hartford's website or Hartford's underwriting manual or classification codes.

18. Representatives of McGriff completed the Hartford on-line electronic submission allegedly used by Hartford in underwriting and issuing coverage. All of the representations alleged in Paragraph 13 of the Complaint were made by representatives of McGriff in consultation with Hartford's underwriters (not Tropical Smoothie or TSC).

19. McGriff canvassed the market with Tropical Smoothie's and TSC's insurance needs and recommended that they select Hartford.

20. Third Party Plaintiffs relied exclusively on McGriff to fully and accurately submit information to Hartford as necessary and appropriate for the proper procurement, renewal, and maintenance of the Policies.

21. Neither Tropical Smoothie nor TSC had any direct communications with Hartford regarding the procurement of the 2014 Policy or the procurement, renewal, and maintenance of the other Policies.

22. Neither Tropical Smoothie nor TSC reviewed, approved or even had access to the completed electronic forms utilized by McGriff in procuring the 2014 Policy.

23. To the extent any "application" for insurance submitted to Hartford contained any material misrepresentations or omissions—which Third Party Plaintiffs expressly deny—those misrepresentations or omissions were made solely and exclusively by McGriff.

24. On or about November 10, 2016 Tropical Smoothie forwarded Hartford's Complaint to McGriff and asked McGriff to defend and indemnify it for the claims asserted by Hartford. To date, McGriff has failed and refused to honor that request.

## COUNT ONE
### (Indemnity)

25. Third Party Plaintiffs hereby repeat and reincorporate Paragraphs 1 through 24 above as if fully set forth herein.

26. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs will suffer damages as a direct and proximate result of McGriff's failure to properly procure, renew, and maintain insurance on behalf of Third Party Plaintiffs.

27. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs are entitled to indemnification from McGriff in an amount to be proved at trial.

## COUNT TWO
### (Negligence)

28. Third Party Plaintiffs hereby repeat and reincorporate Paragraphs 1 through 24 above as if fully set forth herein.

29. As insurance broker for Third Party Plaintiffs, McGriff owed a duty to exercise ordinary and reasonable care in its procurement, renewal, and maintenance of the Policies on behalf of Third Party Plaintiffs.

30. To the extent McGriff's representations or omissions in the electronic submission process utilized in connection with underwriting the 2014 Policy are

found to be material misrepresentations resulting in rescission of the Policies and/or recoupment of defense costs, such alleged misrepresentations or omissions resulted solely from McGriff's breach of its duty to exercise ordinary and reasonable care in the procurement, renewal, and maintenance of the Policies.

31. As a result, Hartford's entitlement to rescission and/or recoupment, if any, is the proximate result of McGriff's negligence.

32. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs will suffer damages as a direct and proximate result of McGriff's breach of its duty to exercise ordinary and reasonable care in its procurement, renewal, and maintenance of the Policies.

33. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs are entitled to recover damages from McGriff, in an amount to be determined at trial.

### COUNT THREE
### (Breach of Fiduciary Duty)

34. Third Party Plaintiffs hereby repeat and reincorporate Paragraphs 1 through 24 above as if fully set forth herein.

35. As insurance broker and agent for Third Party Plaintiffs, McGriff owed fiduciary duties to Third Party Plaintiffs, including the duties of undivided loyalty, care, and good faith; to obey instructions, exercise reasonable skill, and

exercise ordinary diligence; to obtain the coverage needed by Third Party Plaintiffs; and to provide accurate information and full disclosure in its procurement, renewal, and maintenance of the Policies on behalf of Tropical Smoothie and TSC.

36. To the extent McGriff's representations or omissions in the electronic submission process utilized in connection with underwriting the 2014 Policy are found to be material misrepresentations resulting in rescission of the Policies and/or recoupment of defense costs, such alleged misrepresentations or omissions resulted solely from McGriff's breach of its fiduciary duties to Third Party Plaintiffs.

37. As a result, Hartford's entitlement to rescission and/or recoupment, if any, is the proximate result of McGriff's breach of its fiduciary duties.

38. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs will suffer damages as a direct and proximate result of McGriff's breach of its fiduciary duties owed to Third Party Plaintiffs.

39. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs are entitled to recover damages from McGriff, in an amount to be determined at trial.

## COUNT FOUR
### (Breach of Contract)

40. Third Party Plaintiffs hereby repeat and reincorporate Paragraphs 1 through 24 above as if fully set forth herein.

41. McGriff entered into a contract with Third Party Plaintiffs whereby McGriff agreed to identify Third Party Plaintiffs' insurance coverage needs, recommend changes when appropriate, and properly place coverage with appropriate insurers.

42. In consideration for McGriff's agreement to provide these services, Third Party Plaintiffs agreed to allow McGriff to place the Third Party Plaintiffs' insurance coverage, thereby allowing McGriff to earn a commission on the coverage placed.

43. McGriff's agreement with Third Party Plaintiffs is valid, binding, enforceable, and was for an indefinite term.

44. Third Party Plaintiffs have complied with all material obligations under their agreement with McGriff.

45. To the extent McGriff's representations or omissions in the electronic submission process utilized in connection with underwriting the 2014 Policy are found to be material misrepresentations resulting in rescission of the Policies

11

and/or recoupment of defense costs, such alleged misrepresentations or omissions resulted from McGriff's breach of its contractual duties to Third Party Plaintiffs.

46. As a result, Hartford's entitlement to rescission and/or recoupment, if any, is the direct and proximate result of McGriff's breach of contract.

47. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs will suffer damages as a direct and proximate result of McGriff's breach of contract.

48. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs are entitled to recover damages from McGriff, in an amount to be determined at trial.

**COUNT FIVE**
**(Contribution)**

49. Third Party Plaintiffs hereby repeat and reincorporate Paragraphs 1 through 24 above as if fully set forth herein.

50. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs will suffer damages as a direct and proximate result of McGriff's failure to properly procure, renew, and maintain insurance on behalf of Third Party Plaintiffs.

51. If Hartford succeeds in its claims for rescission and/or recoupment, then Third Party Plaintiffs are entitled to contribution from McGriff in an amount to be proved at trial.

## COUNT SIX
### (Attorneys' Fees and Expenses Pursuant to O.C.G.A. § 13-6-11)

52. Third Party Plaintiffs hereby repeat and reincorporate Paragraphs 1 through 24 above as if fully set forth herein.

53. McGriff has acted in bad faith, been stubbornly litigious, and caused Third Party Plaintiffs unnecessary trouble and expense by refusing to indemnify and defend Third Party Plaintiffs in this action.

54. Accordingly, Third Party Plaintiffs are entitled to recovery their attorneys' fees and expenses of litigation from McGriff, pursuant to O.C.G.A. § 13-6-11 in an amount to be proved at trial.

WHEREFORE, Third Party Plaintiffs request the following relief:

a) That, if Hartford is entitled to rescission and recoupment as alleged in the Complaint, judgment be entered in favor of Third Party Plaintiffs and against McGriff on all counts asserted above in an amount to be determined at trial;

b) An award of Third Party Plaintiffs' attorneys' fees and costs; and

c) For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 10th day of March, 2017.

                                        FELLOWS LABRIOLA LLP

                                      *s/Shattuck Ely*
                                      Henry D. Fellows
                                      Georgia Bar No. 257825
                                      hfellows@fellab.com
                                      Shattuck Ely
                                      Georgia Bar No. 246944
                                      tely@fellab.com
                                      Michael Gretchen
                                      Georgia Bar No. 522171
                                      mgretchen@fellab.com

Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

                                      *Attorneys for Tropical Smoothie Café, LLC and TSC-GA, LLC*

## **CERTIFICATE OF FONT AND POINT SELECTION**

Undersigned counsel hereby certifies, pursuant to LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14 point font, which is one of the font and point selections approved in LR 5.1, NDGa.

                             *s/Shattuck Ely*
                             Shattuck Ely

# CERTIFICATE OF SERVICE

I certify that this day, I electronically filed the foregoing with the clerk's office CM/ECF system, which will send email notification to the following counsel or record:

    Christopher C. Meeks, Esq.
    P. Michael Freed, Esq.
    Lewis Brisbois Bisgaard & Smith, LLP
    1180 Peachtree Street NE, Suite 2900
    Atlanta, Georgia 30309

    Lee H. Ogburn, Esq.
    Kramon & Graham, P.A.
    One South Street
    Baltimore, Maryland 21202

Respectfully submitted, this 10th day of March, 2017.

                                        *s/Shattuck Ely*
                                        Shattuck Ely