IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, LTD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TROPICAL SMOOTHIE CAFE, LLC; and TSC-GA, LLC, | ) ) ) | Civil Action No. 1:16-cv-04162-ODE |
| Defendants / Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MCGRIFF, SEIBELS & WILLIAMS OF GEORGIA, INC., | ) ) ) ) | |
| Third-Party Defendant. | ) | |

## TROPICAL SMOOTHIE'S RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANT'S PARTIAL MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

Tropical Smoothie Café, LLC ("Tropical Smoothie") and TSC-GA, LLC ("TSC") (collectively, "Tropical Smoothie") hereby respond in opposition to Third-Party Defendant McGriff, Seibels & Williams of Georgia, Inc.'s ("McGriff") Partial Motion to Dismiss or for a More Definite Statement [Doc. 22].

# STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's pleading. *Travelers Cas. & Sur. Co. of Am. v. Winmark Homes, Inc.*, 1:09-CV-3582-ODE, 2010 WL 11474395, at *2 (N.D. Ga. Apr. 28, 2010). To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Igbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true…." *Id.* (citations omitted).

Federal Rule Civil Procedure 8(a)(2) requires only "a short and plain statement of the clam showing that the pleader is entitled to relief." Under this "notice pleading" standard, "the complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir. 1985) (quotations omitted). As discussed below, McGriff has fair notice of the claims asserted against it and its request to dismiss certain claims asserted against it should be denied.

# ARGUMENT AND CITATIONS OF AUTHORITY

McGriff moves to dismiss Tropical Smoothie's third party claim for contribution. McGriff also moves to dismiss, or in the alternative for a more definite statement, Tropical Smoothie's third party claims for indemnity, breach of contract, and attorney's fees. McGriff's motion should be denied because Tropical Smoothie has given McGriff fair notice of its claims and has properly pled each of its causes of action.

**I.   Tropical Smoothie has properly stated a claim for contribution.**

McGriff argues that Tropical Smoothie's contribution claim should be dismissed because (1) Georgia law no longer recognizes a claim for contribution, and (2) Tropical Smoothie's allegations negate an essential element of a contribution claim. [Doc. 22-1, § I]. Neither argument is correct.

    A.   <u>O.C.G.A. § 51-12-33 does not apply here.</u>

McGriff argues that the Georgia legislature's passage of O.C.G.A. § 51-12-33 ("the apportionment statute") has barred contribution claims in Georgia. The apportionment statute, however, only applies "[w]here an action is brought against more than one person ***for injury to person or property*** …." O.C.G.A. § 51-12-33(b) (emphasis added). This action does not involve a claim for injury to person or property and therefore the apportionment statute is simply inapplicable.

3

Unlike the cases relied upon by McGriff, the claim asserted by Hartford against Tropical Smoothie is not a claim for personal injury. *See Burton v. City of Adairsville*, 2014 WL 12543885 (N.D. Ga. Sept. 22, 2014) (involving claims for false arrest and excessive force); *District Owners Ass'n. Inc. v. AMEC Envtl. & Infrastructure, Inc.*, 322 Ga. App. 713, 715 (2013) (involving personal injury claim).[1] Instead, Hartford's claims are for rescission of an insurance policy and recoupment of defense costs it has incurred. These claims do not involve an allegation of injury to either person or property. *See City of Atlanta v. Benator,* 310 Ga.App. 597, 606-607 (2011) (finding O.C.G.A. § 51-12-33(b) inapplicable to claims asserted by residents that they were overcharged for water and sewage use). Claims for purely economic damages like those asserted by Hartford are therefore not subject to the apportionment statute.[2]

---

[1] McGriff also cites *Fed. Deposit Ins. Corp. v. Hutchins*, 2013 WL 12109446, at *7 (N.D. Ga. Oct. 25, 2013), which did involve claims for purely monetary damages. The court in *Hutchins*, however, did not analyze whether or when the apportionment statute abrogates contribution claims, but rather considered whether certain topics were relevant in a Rule 30(b)(6) deposition. The FDIC argued that certain topics were irrelevant because the apportionment statute foreclosed contribution claims. The opposing party did not challenge that argument, but instead relied on a different theory of relevance, which the court accepted. The court's brief statement regarding the apportionment statute is therefore dicta.

[2] Even if the Court ruled that Tropical Smoothie's impleader action involves "injury to person or property," the apportionment statute does not abolish all claims for contribution. *See Zurich American Ins. Co. v. Heard*, 321 Ga. App. 325, 330

B. <u>Tropical Smoothie has properly alleged a claim for contribution.</u>

McGriff next argues that even if Georgia law permits claims for contribution, Tropical Smoothie fails to state a claim. McGriff argues that because Tropical Smoothie alleges that McGriff bears sole responsibility for any alleged misrepresentations, Tropical Smoothie fails to allege that it is a joint tortfeasor, as required to state a claim for contribution. [Doc. 22-1, p. 10]. Once again, McGriff's argument is incorrect. While Tropical Smoothie believes that the responsibility for any alleged misrepresentation lies solely with McGriff, it appears that McGriff disagrees. Any factual questions about the degree of responsibility for any alleged misrepresentation in the application for insurance is not appropriate on a motion to dismiss.

McGriff cites *City of Albany v. Pippin*, 269 Ga. App. 22, 25 (2004) for the rule that "one tortfeasor can obtain contribution from the other only if both were legally liable to the plaintiff, so that a tortfeasor seeking contribution must prove his own liability where that liability has not been established by a judgment." [Doc. 22-1, p. 9] (*citing* 269 Ga. App. at 25). In *City of Albany*, residents brought an action against the City and other defendants alleging that injection of bio-sludge onto

(2013) ("[T]he right of contribution between joint tortfeasors has not been completely abolished by the legislature's enactment of O.C.G.A. § 51-12-33(b)."). McGriff has failed to establish that Tropical Smoothie's claim for contribution is not plausible under the facts pled.

farmland was contaminating their wells with high levels of toxic nitrates. 269 Ga. App. at 22. All defendants denied liability, but the City settled with the residents without the consent of the co-defendants and without any judicial determination of liability. *Id.* The City then sought contribution from the co-defendants. After a full bench trial, the trial court found the evidence insufficient to satisfy the City's burden of proof that the bio-sludge program contributed to the nitrate contamination. *Id.* at 25. As a result, the City could not maintain an action for contribution because the City had no legal liability to — and hence, no obligation to pay — the residents in the first place. *Id.* The Court of Appeals affirmed.

Unlike *City of Albany*, the issue here is whether Tropical Smoothie properly stated a claim for contribution in its impleader action against McGriff — not whether the evidence presented at trial supports a finding of liability. As typical in a third-party complaint, Tropical Smoothie has impleaded McGriff on the basis that if it is found liable to Hartford on Hartford's claims for rescission and reimbursement of defense costs, then McGriff "is or may be liable to it for all or part of the claim[s] against [Tropical Smoothie]." *See* Fed. R. Civ. P. 14. To the extent that McGriff contends that Tropical Smoothie also bears some responsibility for the alleged misrepresentations – a contention that McGriff has already telegraphed by contending that Tropical Smoothie's CEO "reviewed and specifically approved

6

by signature the information" in the application of insurance [Doc. 22-1, p. 3] – a claim for contribution is appropriate. A motion to dismiss is not the proper vehicle to determine the viability of Tropical Smoothie's claim for contribution. *See Fuller v. SunTrust Banks, Inc.*, 1:11-CV-784-ODE, 2012 WL 1432306, at *4 (N.D. Ga. Mar. 20, 2012) ("A motion to dismiss should be granted only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citing *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)).

In sum, at the pleading stage of this impleader action, Tropical Smoothie has alleged sufficient facts to proceed on its claims for contribution and McGriff's request for a dismissal of this claim should be denied.

**II.     Tropical Smoothie has properly alleged a claim for indemnity.**

McGriff next argues that Tropical Smoothie's indemnity claim should be dismissed because Tropical Smoothie fails to allege a basis for its indemnity claim. [Doc. 22-1, § II]. In so doing, McGriff concedes that Georgia law recognizes a claim of indemnity under the common law of vicarious liability, as between principals and agents. [Doc. 22-1, p. 11]. As explained by the Georgia Court of Appeals, under this theory of indemnity, "[i]f a person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been

imputed to him." *City of Atlanta v. Benator,* 310 Ga. App. 597, 608–609 (2011). This is precisely what Tropical Smoothie has alleged in its Third-Party Complaint.

Tropical Smoothie's Third-Party Complaint specifically alleges that McGriff acted as the insurance agent and broker for Tropical Smoothie for the procurement, renewal, and maintenance of the insurance policies issued by Hartford and that Tropical Smoothie relied on McGriff to do so. *Id.*, at ¶¶ 9, 13, and 15. The Third-Party Complaint further alleges that McGriff completed the application for insurance with Hartford on behalf of Tropical Smoothie and that all of the representations giving rise to Hartford's rescission and recoupment claims were made by McGriff. *Id.*, at ¶ 18. As a result, to the extent that Tropical Smoothie may be found liable for misrepresentations in the application for insurance, it is the result of the negligence of McGriff. *Id.*, at ¶¶ 23 and 26.

McGriff cites no case law and does not explain how the allegations in the Third-Party Complaint fail to state a claim for common law indemnity.[3] As a result, Tropical Smoothie requests that the Court deny McGriff's motion to dismiss its claim for indemnity.

---

[3] Notably, McGriff does not move to dismiss Tropical Smoothie's breach of fiduciary duty claim. Agents are generally considered in a fiduciary relationship with their principals. *See Crosby v. Kendall*, 545 S.E.2d 385 (Ga. Ct. App. 2001).

8

**III.   Tropical Smoothie has properly alleged a claim for breach of contract.**

McGriff next argues that Tropical Smoothie's breach of contract claim should be dismissed because the terms of the alleged contract are too indefinite to be enforced. [Doc. 22-1, § III]. Specifically, McGriff argues that Tropical Smoothie fails to sufficiently allege (1) the subject matter of the contract, and (2) the contractual provision that McGriff breached. *Id.* Neither argument is correct.

    A.    <u>Tropical Smoothie has alleged the subject matter of its contract with McGriff.</u>

Tropical Smoothie has sufficiently alleged the subject matter of its contract with McGriff. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A § 13-3-1. While McGriff vaguely argues that Tropical Smoothie failed to allege "the subject matter upon which the contract can operate" [Doc. 22-1, p. 13], in fact, the terms and subject matter of the contract are clearly alleged.

Tropical Smoothie's Third-Party Complaint alleges that McGriff entered a contract in which it agreed to "identify Third Party Plaintiffs' insurance coverage needs, recommend changes when appropriate, and properly place coverage with appropriate insurers." ¶ 41. In consideration for McGriff's agreement to provide these services, Tropical Smoothie "agreed to allow McGriff to place the Tropical

9

Smoothie's insurance coverage, thereby allowing McGriff to earn a commission on the coverage placed." ¶ 42. Accepting these allegations as true, Tropical Smoothie states the existence of a valid contract.

McGriff cites no authority which supports its argument that the allegations regarding the subject matter of Tropical Smoothie's contract with McGriff are insufficient. For instance, McGriff cites *Gill v. B&R Int'l, Inc.*, 234 Ga. App. 528, 531 (1998), in which the Court of Appeals affirmed a grant of summary judgment because the plaintiff had failed to prove the existence of a contract. The court in *Gill* did not address whether a party sufficiently pled the existence of a contract, but merely stated that the evidence ultimately did not support a finding that an enforceable contract existed. Likewise, *Jackson v. Williams*, 209 Ga. App. 640, 642 (1993) concerned the sufficiency of evidence at trial — not the sufficiency of a pleading to state a claim.

Georgia law "does not favor destruction of contracts on grounds of uncertainty." *Wright v. IC Enterprises, Inc.*, 330 Ga. App. 303, 307 (2014) (citation omitted). As a result, a "contract is enforceable if it is 'expressed in language sufficiently plain and explicit to convey what the parties agreed upon.'" *Id.*, at 307, *quoting Kitchen v. Insuramerica Corp.*, 296 Ga.App. 739, 743(1) (2009). Paragraphs 41 and 42 of the Third-Party Complaint plainly and explicitly state the sub-

ject matter of Tropical Smoothie's contract with McGriff and dismissal is therefore not appropriate.

B. <u>Tropical Smoothie has alleged a breach of the contract.</u>

Likewise, Tropical Smoothie has sufficiently alleged the terms of the contract that McGriff has breached. Among McGriff's contractual obligations to Tropical Smoothie was its duty "to properly place coverage with appropriate insurers." Third-Party Complaint, at ¶ 41. If Hartford is entitled to rescission and reimbursement as a result of misrepresentations that McGriff made in an application it submitted for Tropical Smoothie, it necessarily will have breached its duty to properly place coverage. Tropical Smoothie's breach of contract claim provides McGriff with sufficient notice of the claim asserted against it and its request for dismissal should be denied.

The cases cited by McGriff do not support dismissal. *American Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356 (N.D. Ga. 2006) involved a franchisee's breach of contract claim against a franchisor arising out of a written franchise agreement. *Id.* at 1356. In *American Casual Dining*, the plaintiff failed to identify any specific contractual provisions in the written agreement that obligated the franchisor to take certain acts on behalf of the franchisee, the franchisee argued that "the complaint's breach allegations go broadly to the heart of the

11

parties' agreements—establishing a successful franchise." The court rejected this argument and found that the parties' general goal to "establish a successful franchise" did not obligate the franchisor to act in any specific way on behalf of the franchisee. *Id.* at 1368–69. Thus, the court granted the franchisor's motion to dismiss for failure to state a claim because the franchisee failed to identify what provision the franchisor breached.

McGriff also cites to *Davis v. City of Atlanta*, 2017 WL 1376856 (N.D. Ga. Mar. 2, 2017), an employment discrimination case in which the plaintiff alleged that the City of Atlanta breached its employment contract with her by discriminating against her on the basis of sex and by failing to follow its internal grievance procedures. The plaintiff alleged that the City's ordinances and personnel standard operating procedures (SOPs) constituted the terms of an employment contract, while the City argued that the SOPs cannot form the basis of an employment contract. Without deciding that question, the court granted the motion to dismiss because, even if the SOPs could form the basis of an employment contract, the plaintiff had not identified any specific provision of the SOPs or any specific ordinance articulating the City's anti-discrimination policy. *Id.* at *11.

*American Casual Dining* and *Davis* are inapposite. First, both *American Casual Dining* and *Davis* involved plaintiffs who alleged the existence of a written

contract and yet failed to identify precise terms of that written contract the defendant breached. Here, Tropical Smoothie has alleged that any misrepresentation in the application for insurance was as a result of the actions of McGriff, in breach of its duty to "properly place coverage with appropriate insurers." Further, unlike *American Casual Dining* and *Davis*, in which the plaintiffs failed to point to a specific contractual provision that obligated the defendants to act in a specific way, Tropical Smoothie has specifically identified the contractual term that obligated McGriff to properly place insurance coverage with appropriate insurers. Third-Party Complaint, at ¶ 41. These allegations, which must be accepted as true, are sufficient to state both the subject matter and breach of the contract between Tropical Smoothie and McGriff.

**IV. Tropical Smoothie has properly alleged a claim for attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.**

Finally, McGriff argues that Tropical Smoothie's claim for attorney's fees and expenses under O.C.G.A. § 13-6-11 should be dismissed because Tropical Smoothie fails to sufficiently allege how McGriff violated that statute. [Doc. 22-1, § IV]. McGriff's argument simply ignores the factual allegations in the Third-Party Complaint that support the claim for attorney's fees. First, Tropical Smoothie alleges that on November 10, 2016, it forwarded Hartford's Complaint to McGriff and asked McGriff to defend and indemnify it for the claims asserted by Hartford.

*Id.*, at ¶ 24. Second, Tropical Smoothie alleges that since that time, McGriff has failed and refused to honor that request. *Id.* These allegations are reincorporated into Count Six in the Third Party Complaint, and suffice to support a claim that McGriff has caused Tropical Smoothie unnecessary trouble and expense in violation of O.C.G.A. § 13-6-11. Indeed, McGriff's steadfast refusal to defend and indemnify Tropical Smoothie – forcing Tropical Smoothie to resort to the courts to obtain relief – is exactly the type of conduct O.C.G.A. § 13-6-11 is intended to address. *See A.P.S.S., Inc. v. Clary & Assocs., Inc.*, 178 Ga. App. 131, 131 (1986) ("Where there is no bona fide controversy, forcing a plaintiff to resort to the courts in order to collect clearly causes that plaintiff unnecessary trouble and expense.").

## CONCLUSION

McGriff's motion to dismiss should be denied because Tropical Smoothie has provided fair notice of its claims and has properly pled each of its causes of action. If, however, the Court believes that any of the causes of action stated in the Third-Party Complaint are unclear or incomplete, Tropical Smoothie requests the opportunity to provide a more definite statement.

Respectfully submitted, this 23rd day of May, 2017.

15

**FELLOWS LABRIOLA LLP**

 *s/Michael C. Gretchen*
Henry D. Fellows
Georgia Bar No. 257825
hfellows@fellab.com
Shattuck Ely
Georgia Bar No. 246944
tely@fellab.com
Michael Gretchen
Georgia Bar No. 522171
mgretchen@fellab.com

Peachtree Center
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 586-9200

*Attorneys for Tropical Smoothie Café, LLC and TSC-GA, LLC*

**CERTIFICATE OF FONT AND POINT SELECTION**

Undersigned counsel hereby certifies, pursuant to LR 7.1(D), NDGa, that the foregoing was prepared in Times New Roman, 14 point font, which is one of the font and point selections approved in LR 5.1, NDGa.

                          *s/Michael C. Gretchen*
                          Michael C. Gretchen

# CERTIFICATE OF SERVICE

I certify that this day, I electronically filed the foregoing with the clerk's office CM/ECF system, which will send email notification to the following counsel or record:

>Michael H. Schroder, Esq.
>Christy M. Maple, Esq.
>Swift Currie McGhee & Hiers, LLP
>1355 Peachtree Street, NE, Suite 300
>Atlanta, Georgia 30309
>
>Julie A. Lierly, Esq.
>John P. Jett, Esq.
>Ava J. Conger, Esq.
>Kilpatrick Townsend & Stockton, LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309
>
>Lee H. Ogburn, Esq.
>Kramon & Graham, P.A.
>One South Street
>Baltimore, Maryland 21202

Respectfully submitted, this 23rd day of March, 2017.

>*s/Michael C. Gretchen*
>Michael C. Gretchen