IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FILED IN CHAMBERS**
U.S.D.C. - Atlanta

JUN 1 6 2017

James N. Hatten, Clerk
By: [signature] Deputy Clerk

SENTINEL INSURANCE COMPANY, LTD.,

    Plaintiff

v.

TROPICAL SMOOTHIE CAFÉ, LLC, and TSC-GA, LLC,

    Defendants

TROPICAL SMOOTHIE CAFÉ, LLC, and TSC-GA, LLC,

    Third-Party Plaintiffs

v.

MCGRIFF, SEIBELS & WILLIAMS OF GEORGIA, INC.,

    Third-Party Defendant

CIVIL ACTION NO.
1:16-CV-4162-ODE

ORDER

This insurance case is before the Court on Third-Party Defendant McGriff, Seibels & Williams of Georgia, Inc.'s (hereinafter "McGriff") Partial Motion to Dismiss or for a More Definite Statement [Doc. 22]. For the reasons stated below, Third-Party Defendant McGriff's Partial Motion to Dismiss or for a More Definite Statement [Doc. 22] is GRANTED IN PART, and DENIED IN PART.

I. **Procedural Background**

On November 7, 2016 Sentinel Insurance Company, LLC (hereinafter "Hartford")[1] filed this lawsuit against Tropical Smoothie Café, LLC and TSC-GA, LLC [Doc. 1]. Sentinel sought rescission of insurance

---

[1] Sentinel is a Hartford subsidiary [Doc. 22-1 at 2 n.1].

policies issued to Tropical Smoothie and recoupment of costs expended on Tropical Smoothie's behalf under the policies [Id.].

On March 10, 2017 Tropical Smoothie Café, LLC and TSC-GA, LLC (hereinafter collectively "Third-Party Plaintiffs") filed a Third-Party Complaint against their insurance broker McGriff [Doc. 15]. The Third-Party Complaint brought claims for: 1) indemnity, 2) negligence, 3) breach of fiduciary duty, 4) breach of contract, 5) contribution, and 6) attorneys' fees and expenses [Id. at 8-13].

On May 9, 2017 McGriff filed a Partial Motion to Dismiss, or for a More Definite Statement [Doc. 22]. On May 23, 2017 Third-Party Plaintiffs filed a Response [Doc. 27]. McGriff replied on June 6, 2017 [Doc. 29]. Accordingly, this Motion is now ripe before the Court.

## II. Factual Background

All factual background is taken from Third-Party Plaintffs' Third-Party Complaint [Doc. 15]. McGriff is a licensed and authorized Georgia insurance agent, and was acting as an insurance agent at all times material to the instant litigation [Id. ¶ 9]. McGriff presented itself as an expert insurance broker in multiple lines of coverage [Id. ¶¶ 10-11]. McGriff held itself out as able to evaluate exposure and provide appropriate insurance to minimize risk for its clients [Id.]. McGriff was the insurance broker interacting with Hartford to procure, maintain, and renew Tropical Smoothie's insurance policies at issue in this litigation [Id. ¶ 15].

McGriff and Third-Party Plaintiffs formed a contract "whereby McGriff agreed to identify Third[-]Party Plaintiffs' insurance coverage needs, recommend changes when appropriate, and properly place coverage with appropriate insurers" [Id. ¶ 41]. In return,

Third-Party Plaintiffs would allow McGriff to place their insurance coverage and earn the corresponding commission [Id. ¶ 42].

Third-Party Plaintiffs relied on McGriff to identify their insurance needs, recommend changes, and procure, renew and maintain policies with appropriate insurers to ensure Third-Party Plaintiffs were adequately covered [Id. ¶¶ 12-13]. "Third[-]Party Plaintiffs entrusted their insurance broker, McGriff, with sole responsibility for procuring, renewing, and maintaining the Policies . . ." [Id. ¶ 2].

McGriff was "fully aware" of Tropical Smoothie's business operations through meetings, communications, and through having provided Tropical Smoothie with other types of insurance [Id. ¶ 14]. Knowing Third-Party Plaintiffs' needs, and having reviewed the market, McGriff recommended Third-Party Plaintiffs place their insurance with Hartford [Id. ¶ 19].

To apply for Third-Party Plaintiffs' policies with Hartford, McGriff completed electronic forms to provide information about Third-Party Plaintiffs and categorize risk using Hartford's underwriting manual and class codes [Id. ¶¶ 16-18]. McGriff had sole access to the online forms, and was the party who completed the forms [Id. ¶¶ 17-18]. Third-Party Plaintiffs did not review or approve the forms [Id. ¶ 22]. Third-Party Plaintiffs did not directly communicate with Hartford regarding the procurement, renewal, or maintenance of the insurance policies [Id. ¶ 21]. "Third[-]Party Plaintiffs relied exclusively on McGriff to fully and accurately submit information to Hartford as necessary and appropriate for the proper procurement, renewal, and maintenance of the policies" [Id. ¶ 20].

On approximately November 10, 2016 Tropical Smoothie forwarded Hartford's Complaint to McGriff, and asked McGriff to defend and indemnify it from Hartford's claims [Id. ¶ 24]. McGriff has refused to do so [Id.].

## III. Discussion

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on a pending motion to dismiss, all of the factual allegations in plaintiff's complaint must be accepted as true and construed in the light most favorable to plaintiff. Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008)(citation omitted). In viewing the complaint, the Court must accept as true all of the factual allegations in the complaint, but the Court is not required to accept legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. (citations and quotation marks omitted). The standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). It is not necessary for a complaint to set out all the facts in detail, but a plaintiff has to at least allege "enough factual matter (taken as true) to suggest" the existence of the required elements of the claim. Id.; see also Watts v. Fla. Int'l

Univ., 495 F.3d 1289, 1296 (11th Cir. 2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 550 U.S. at 555.

When an opposing party's pleading is "so vague or ambiguous that the [responding] party cannot reasonably prepare a response," the responding party can file a Motion for a More Definite Statement of the pleading. Fed. R. Civ. P. 12(e). The Motion for a More Definite Statement must indicate how the opposing party's pleading is too vague, and what details the responding party wishes to have. Id.

### B. McGriff's Partial Motion to Dismiss or for a More Definite Statement

In its Partial Motion to Dismiss or for a More Definite Statement, McGriff seeks to dismiss the contribution count, and dismiss or have Third-Party Plaintiffs provide a more definite statement as to the counts for indemnity, breach of contract, and attorneys' fees [Doc. 22]. In support of dismissing the contribution claim, McGriff argues that contribution has largely been abolished by statute in Georgia, and even if contribution applies to the instant case, Third-Party Plaintiffs have not plead that they were joint tortfeasors with McGriff [Doc. 22-1 at 8-11]. Regarding indemnity, McGriff argues that Third-Party Plaintiffs have not shown a contractual or vicarious liability basis for indemnity to lie against McGriff [Id. at 11-12]. McGriff thus asks the Court to dismiss the indemnity claim or order Third-Party Plaintiffs to provide a more definite statement regarding the claim. Id.

McGriff argues that the terms of the alleged contract between McGriff and Third-Party Plaintiffs are too vague for there to be a valid contract, and Third-Party Plaintiffs did not specify what

contract term McGriff breached [Id. at 12-14]. On this basis, McGriff seeks dismissal of the claim or a more definite statement as to the terms of the contract and how they were breached [Id. at 14-15]. Finally, McGriff argues that Third-Party Plaintiffs provide no support for their claim for attorneys' fees; McGriff thus asks that the claim be dismissed, or that the Court order Third-Party Plaintiffs to explain why they are entitled to such an award [Id. at 15].

In response, Third-Party Plaintiffs first argue that the statute which largely abolished contribution in Georgia does not apply to this case [Doc. 27 at 3-4]. They then argue that their contribution claim is proper because though they think McGriff bears the sole fault for any misrepresentations in the insurance application, McGriff apparently believes Third-Party Plaintiffs bear some responsibility [Id. at 5-7]. Third-Party Plaintiffs argue that their indemnification claim is proper because McGriff is the insurance agent they relied on in procuring, renewing, and maintaining their insurance policies, and McGriff filled out the policy application [Id. at 7-8]. As a result, vicarious liability based on a principal-agent relationship supports their indemnification claim [Id.].

Third-Party Plaintiffs claim that there was a valid contract between them and McGriff [Id. at 9-11]. If Hartford wins its case for rescission and recoupment, they argue, that means McGriff breached its duty to Third-Party Plaintiffs to "properly place coverage," and thus the contract between McGriff and Third-Party Plaintiffs was breached [Id. at 11-13]. Third-Party Plaintiffs claim they are entitled to attorneys' fees because McGriff failed to defend

and indemnify them, and thus caused them unnecessary trouble and expense [Id. at 13-14].

In reply, McGriff first notes that Third-Party Plaintiffs inappropriately rely on McGriff's Response, not their own Complaint, to explain why they and McGriff are joint tortfeasors and why they are thus entitled to contribution [Doc. 29 at 2-5]. McGriff next argues that Third-Party Plaintiffs' claim for indemnification fails because their Third-Party Complaint does not allege that McGriff was their agent, or that this agency was the basis for the indemnification [Id. at 5-8]. McGriff argues that the purported contract between McGriff and Third-Party Plaintiffs is void for vagueness, and the term allegedly breached is likewise too vague to form the basis for a breach of contract claim [Id. at 8-10]. Finally, McGriff argues that its alleged failure to defend or indemnify Third-Party Plaintiffs cannot be the basis for an award of attorneys' fees without any duty to defend or indemnify [Id. at 10-11]. Given Third-Party Plaintiffs' clarification that McGriff's failure to defend or indemnify them is the basis of their claim for attorneys' fees, McGriff now argues that dismissal, not a more definite statement, is appropriate on this claim [Id. at 12 n.1].

### 1. **Contribution**

In Georgia, contribution has largely been abrogated by an apportionment statute. Burton v. City of Adairsville, Ga., No. 4:14-CV-0099-HLM, 2014 WL 12543885, at *5 (N.D. Ga. Sept. 22, 2014) (Murphy, J.) (citing Allstate Prop. & Cas. Ins. Co. v. Omega Flex, Inc., No. 1:13-CV-879-JEC, 2014 WL 1292588, at *3 (N.D. Ga. Mar. 31, 2014) (Carnes, C.J.)), Burton, 2014 WL 12543885, at *5 n.4.

7

Assuming *arguendo* that contribution is not abrogated here, Third-Party Plaintiffs' contribution claim still fails. "Contribution is allowed only between parties who are actually joint tortfeasors." City of Albany v. Pippin, 269 Ga. App. 22, 24-25 (Ga. Ct. App. 2004). Here, taken in the light most favorable to them, Third-Party Plaintiffs' allegations indicate that McGriff bears sole responsibility for any misrepresentations in the insurance policy application. As such, Third-Party Plaintiffs are not joint tortfeasors with McGriff, and thus their contribution claim against McGriff will not lie. For that reason, McGriff's Motion to Dismiss [Doc. 22] is GRANTED as to Third-Party Plaintiffs' claim for contribution.

## 2. Indemnification

Georgia recognizes two bases for indemnity: indemnity based on contract, and indemnity based on vicarious liability, such as that stemming from a principal-agent relationship. Dist. Owners Ass'n, Inc. v. AMEC Envtl. & Infrastructure, Inc., 322 Ga. App. 713, 715 (Ga. Ct. App. 2013) (citing City of College Park v. Fortenberry, 271 Ga. App. 446, 451 (Ga. Ct. App. 2005)). Third-Party Plaintiffs evidently base their indemnity claim on vicarious liability stemming from a principal-agent relationship between themselves and McGriff.

In Georgia, agency arises when a principal grants an agent express or implied authority to act on his behalf, or when the principal ratifies the agent's acts on his behalf. Code Ga. Ann. § 10-6-1. Further, independent insurance agents or brokers are normally considered the agent of the insured. Se. Express Sys., Inc. v. S. Guar. Ins. Co. of Ga., 224 Ga. App. 697, 700 (Ga. Ct. App. 1997) (citing Nat'l Prop. Owners Ins. Co. v. Wells, 166 Ga. App.

281, 282 (Ga. Ct. App. 1983), <u>European Bakers, Ltd. v. Holman</u>, 177 Ga. App. 172, 173-74 (Ga. Ct. App. 1985)).

Here, Third-Party Plaintiffs allege that McGriff was an insurance broker acting on their behalf to procure, maintain, and renew insurance policies with Hartford. Taken in the light most favorable to Third-Party Plaintiffs, they have alleged facts sufficient to support an agency relationship between themselves and McGriff arising at least by implication or ratification, if not through express agreement. For this reason, the Court DENIES McGriff's Motion to Dismiss [Doc. 22] as to Third-Party Plaintiffs' indemnity claim.

### 3. **Breach of Contract**

Under Georgia law, a valid contract requires: 1) parties who can contract, 2) consideration, 3) agreement between the parties to the terms of the contract, and 4) subject matter for the contract. Code Ga. Ann. § 13-3-1. "'[I]n order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible.'" <u>Jackson v. Williams</u>, 209 Ga. App. 640, 643 (Ga. Ct. App. 1993) (quoting <u>Bagwell-Hughes, Inc. v. McConnell</u>, 224 Ga. 659, 661-62 (Ga. 1968)).

To have a claim for breach of contract under Georgia law, there must be: 1) a breach of the contract, 2) damages from the breach, and 3) the damages must be to a party with the right to complain about the breach. <u>Bates v. JPMorgan Chase Bank, NA</u>, 768 F.3d 1126, 1130 (11th Cir. 2014) (citing <u>Norton v. Budget Rent A Car Sys., Inc.</u>, 307 Ga. App. 501 (Ga. Ct. App. 2010)). On a Motion to Dismiss a breach

of contract claim, a plaintiff opposing the Motion must point to the terms of the contract the defendant breached. <u>Goodwill v. BB&T Inv. Servs., Inc.</u>, No. 1:13-CV-1119-WSD, 2013 WL 6271868, at *4 (N.D. Ga. Dec. 4, 2013) (Duffey, J.) (citing <u>Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC</u>, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) (Thrash, J.)).

Here, Third-Party Plaintiffs allege that there was a contract between them and McGriff. That contract required McGriff to "identify Third[-]Party Plaintiffs' insurance coverage needs, recommend changes when appropriate, and properly place coverage with appropriate insurers" [Doc. 15 ¶ 41]. In return, "Third[-]Party Plaintiffs agreed to allow McGriff to place Third[-]Party Plaintiffs' insurance coverage, thereby allowing McGriff to earn a commission on the coverage placed" [<u>Id.</u> ¶ 42]. A purported contract that requires one party to provide an "appropriate" product, and make "appropriate" changes is neither plain enough nor explicit enough to show what the parties agreed to, and is thus an invalid contract under Georgia law. For that reason, McGriff's Motion to Dismiss [Doc. 22] is granted as to Third-Party Plaintiffs' claim for breach of contract.

### 4. <u>Attorneys' Fees and Expenses</u>

Under Georgia law, attorneys' fees and expenses are generally not allowed as damages. Code Ga. Ann. § 13-6-11. They may be allowed, however, where the plaintiff has specially pled them, and where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." <u>Id.</u>

Here, Third-Party Plaintiffs claim they are entitled to attorneys' fees because McGriff failed to defend and indemnify them

when requested to do so thus requiring them to file suit. Although the Court has now DISMISSED Third-Party Plaintiffs' claims against McGriff for contribution and breach of contract, Third-Party Plaintiffs still have pending claims against McGriff for indemnity, negligence, and breach of fiduciary duty. Further, Third-Party Plaintiffs' claim for attorneys' fees incorporates the same factual allegations upon which all their Third-Party claims against McGriff (including those for indemnity, negligence, and breach of fiduciary duty) are based [Doc. 15 ¶ 52]. As a result, taken in the light most favorable to Third-Party Plaintiffs, the Court cannot find at this stage that Third-Party Plaintiffs have failed to state a claim for attorneys' fees. For that reason, McGriff's Motion to Dismiss [Doc. 22] is DENIED as to Third-Party Plaintiffs' claim against McGriff for attorneys' fees and expenses.

## IV. Conclusion

In conclusion, for the reasons stated above, Third-Party Defendant McGriff, Seibels & Williams of Georgia, Inc.'s Partial Motion to Dismiss or for a More Definite Statement [Doc. 22] is GRANTED IN PART and DENIED IN PART. McGriff's Partial Motion to Dismiss or for a More Definite Statement [Doc. 22] is GRANTED as to Third-Party Plaintiffs Tropical Smoothie Café, LLC and TSC-GA, LLC's claims against Third-Party Defendant McGriff for contribution and breach of contract. McGriff's Partial Motion to Dismiss or for a More Definite Statement [Doc. 22] is DENIED as to Third-Party Plaintiffs' claims against McGriff for indemnification and for attorneys' fees and expenses.

11

SO ORDERED, this __16__ day of June, 2017.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE